Marianne Stecich Informal Opinion Village Attorney No. 2007-1 Village of Hastings-on-Hudson 828 South Broadway Suite 201 Tarrytown, New York 10591-6650 Dear Ms. Stecich:
You have requested an opinion regarding whether a village can impose a limit on the number of terms members of its planning board and zoning board of appeals may serve. It is well-settled that a municipality may establish term limits for its elected officials. See Roth v.Cuevas, 158 Misc. 2d 238 (Sup.Ct.), aff'd, 197 A.D.2d 369
(1st Dep't), aff'd for reasons stated at SupremeCourt, 82 N.Y.2d 791 (1993); see also Op. Att'y Gen. (Inf.) No. 95-29; Op. Att'y Gen. (Inf.) No. 83-10. You ask, however, whether a village may establish term limits for certain village officials who are appointed. As explained below, we conclude that a village may limit the number of terms the members of the planning board and the zoning board of appeals may serve.
The home rule authority granted local governments to legislate, in a manner not inconsistent with the Constitution or any general law, with respect to their "affairs" and "government," N.Y. Const. Art. IX, §2(c)(i); Municipal Home Rule Law § 10(1)(i), and with respect to the "powers, duties, qualifications, number, mode of selection and removal, [and] terms of office" of their officers,[1] N.Y. Const. Art. IX, § 2(c)(ii)(1); Municipal Home Rule Law § 10(1)(ii)(a)(1), allows them to establish term limits for their elected officials. Roth,158 Misc. 2d at 245-46; Op. Att'y Gen. (Inf.) No. 95-29; Op. Att'y Gen. (Inf.) No. 83-10. This grant of authority is not limited on its face to elected officers, and thus we believe that *Page 2 
it also permits the Village to limit the number of terms the members of its planning board and zoning board of appeals may serve.
Qualifications for holding public office must be rationally related to a legitimate governmental interest. Golden v. Clark, 76 N.Y.2d 618,626-27 (1990). Term limits for elective officers have been held to be rationally related to the goals of broadening opportunities for political and public participation, reducing the opportunities for corruption, and increasing citizens' confidence in the integrity and effectiveness of their government. Roth v. Cuevas, 158 Misc. 2d at 250. While some of these goals might not be furthered by legislating a limit on the number of terms appointed officers can serve, a village may be able to conclude that some of these purposes will be advanced by such term limit legislation, or a village may identify another proper governmental interest that is rationally related to the proposed term limit legislation.
The proposed term limit law does not appear to be inconsistent with a general state law. Village Law §§ 7-712 and 7-718, which govern the appointment of members of village planning boards and zoning boards of appeals, do not limit the number of terms that members of these boards may serve, and we are not aware of a general state law that so provides. We note that if the proposed local law establishing a term limit amends Village Law §§ 7-712 or 7-718 with respect to the application of those statutes to the Village,[2] the local law must comply with Municipal Home Rule Law § 22, which requires designation of the state statute it is amending.
In summary, we conclude that the Village may establish term limits for the members of the planning board and zoning board of *Page 3 
appeals, if such term limits are rationally related to a legitimate governmental purpose.
The Attorney General issues formal opinions only to officers and departments of state government. Thus, this is an informal opinion rendered to assist you in advising the municipality you represent.
Very truly yours,
 KATHRYN SHEINGOLD Assistant Solicitor General In Charge of Opinions
[1] The members of zoning boards of appeals and most planning boards exercise sovereign powers of government and thus are public officers. Op. Att'y Gen. (Inf.) No. 97-51.
[2] A village may, by local law, supersede or amend any provision of the Village Law in its application to the village relating to the property, affairs, or government of the village or to other matters in relation to which and to the extent to which it is authorized to adopt local laws by Municipal Home Rule Law § 10, notwithstanding that such provision is a general law, unless the Legislature expressly shall have prohibited the adoption of such local law. Municipal Home Rule Law § 10(1)(ii)(e)(3). We have previously been of the opinion that Village Law §§ 7-712 and 7-718 do not include a prohibition against the adoption of such a local law. See Op. Att'y Gen. (Inf.) No. 94-52; Op. Att'y Gen. (Inf.) No. 86-20. *Page 1